## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                              )
AMERICAN INSTITUTE FOR FOREIGN )
STUDY, INC. d/b/a AU PAIR IN           )
AMERICA and WILLIAM L. GERTZ,     )
                                              )
          Plaintiffs,                         )
                                              )
     v.                                       )          Civil Action No.   1:20-cv-10920
                                              )
LAURA FERNANDEZ-JIMENEZ,          )
                                              )
          Defendant.                          )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND PETITION TO COMPEL ARBITRATION

1.       This is an action for a declaratory judgment, injunctive relief, and to compel arbitration of Defendant Laura Fernandez-Jimenez's claims against Plaintiff American Institute for Foreign Study, Inc. d/b/a Au Pair in America ("APIA") and William L. Gertz in accordance with the arbitration agreement between Defendant and APIA.

2.       Defendant has filed a demand for class and collective arbitration ("Class Arbitration Demand") against Plaintiffs with the American Arbitration Association ("AAA"). *Laura Fernandez Jimenez, Individually and on behalf of all others Similarly situated, v. American Institute for Foreign-Study, Inc. d/b/a Au Pair in America, and William J. Gertz*, AAA Case No. 01-20-0000-3831.

3.       In the Class Arbitration Demand, Defendant asserts claims under the Massachusetts Wage Act (M.G.L. ch. 149 § 148 and ch. 151 § 1A), the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.), and common law claims for negligent misrepresentation, fraud and "breach of duty," on behalf of herself and "of all others similarly situated."

4.      The arbitration agreement between Defendant and APIA does not authorize, and APIA has not otherwise consented or agreed to, class or collective arbitration with Defendant or any member of the putative class.

5.      Mr. Gertz also has not consented or agreed to class or collective arbitration with Defendant or any member of the putative class.

6.      Therefore, Plaintiffs cannot be required to arbitrate Defendant's claims on a class-wide or collective basis and, to the extent that arbitration between the parties is permissible, such an arbitration must be bilateral and limited to Defendant's individual claims.

7.      As only the Court, and not an arbitrator, may declare whether the parties' arbitration agreement permits class or collective arbitration, Plaintiffs request the Court to declare that Plaintiffs have not agreed to arbitration on a class or collective basis.

8.      In furtherance of that declaration, Plaintiffs request the Court to enjoin Defendant from submitting the issue of class or collective arbitration to any arbitrator, and from pursuing arbitration of claims against Plaintiffs on a class or collective basis.

9.      Plaintiffs further request that the Court compel Defendant to arbitrate her claims in a bilateral arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA").

## The Parties

10.      APIA is a Delaware corporation with its principal place of business located in Stamford, Connecticut.

11.      Mr. Gertz is APIA's Chairman, President and Chief Executive Officer. He is a Connecticut resident.

12.      Defendant Laura Fernandez-Jimenez is a foreign national residing temporarily in the United States on a J-1 nonimmigrant Visa. Upon information and belief, she is a citizen of

Spain.

## Jurisdiction and Venue

13.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Defendant has asserted federal Fair Labor Standards Act claims in the Class Arbitration Demand.

14.     The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as follows: (i) there is a justiciable controversy between the parties; (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (iii) the action is between citizens of a State (Plaintiffs) and a citizen or subject of a foreign state who is not lawfully admitted for permanent residence in the United States (i.e., Defendant).

15.     The Court has personal jurisdiction over the Defendant pursuant to Mass. G.L. c. 223A, § 3(a), because the action arises out of Defendant's filing of the Class Arbitration Demand against Plaintiffs in Boston, Massachusetts.

16.     Venue is proper in this district, pursuant to 28 U.S.C. § 1391(c), because Defendant is subject to the Court's jurisdiction with respect to this action.

## Factual Allegations

17.     APIA is a sponsor organization that has been authorized by the United States Department of State ("DOS") to conduct a cultural exchange program under the DOS J-1 Visa Au Pair Program ("Au Pair Program").

18.     For more than 30 years, the Au Pair Program has enabled young people from abroad to visit the United States on a temporary basis under a J-1 Visa, to live with a host family, and to attend college-level classes, while also assisting their host families with child care.

19.     Since its inception, the Au Pair Program has been a cultural exchange mechanism to improve foreign relations, to "increase mutual understanding between the people of the United

States and the people of other countries," and thereby to "assist in the development of friendly, sympathetic, and peaceful relations between the United States and the other countries of the world." 22 U.S.C. § 2451.

20.     Since August 2018, Defendant has participated as an au pair in the Au Pair Program sponsored by APIA.

21.     On or about May 18, 2018, as a condition for her participation in the APIA Au Pair Program, Defendant agreed to and executed an agreement entitled Au Pair in America Terms and Conditions ("Terms and Conditions Agreement"). A true and correct copy of the Terms and Conditions Agreement is attached as Exhibit A.

22.     The Terms and Conditions Agreement includes an arbitration provision, which provides in relevant part as follows:

> I agree that any dispute with or claim against AIFS, its staff, agents and all affiliated organizations, including those arising under this Agreement or my participation in the Program, which is not settled informally, will be exclusively resolved by binding arbitration, to be conducted in substantial accordance with the commercial arbitration rules of the American Arbitration Association. The location of the arbitration and identity of the arbitrator will be decided by mutual agreement, with the costs to be borne exclusively by the Program and the decision of the arbitrator shall be final. By accepting the terms of this Agreement, I agree that the U.S. Federal Arbitration Act governs the interpretation and enforcement of this Agreement and that I, Au Pair in America, and AIFS are each waiving the right to judicial and/or administrative agency resolution of disputes, any right to trial by jury, as well as the right to bring and resolve claims, either in an individual capacity or as a member of any class action, by any means and in any forum other than arbitration conducted by the American Arbitration Association.

*See* Exhibit A at § 8(b).

23.     The express language of the Terms and Conditions Agreement does ***not*** authorize or provide for class or collective arbitration.

24.     Mr. Gertz is not a party to the Terms & Conditions Agreement and he has not otherwise agreed to arbitrate any issue, claim or dispute with Ms. Fernandez-Jimenez.

25.     On January 9, 2020, Defendant filed a "Class Action Complaint" in the Superior Court of Massachusetts, County of Middlesex, naming APIA and Mr. Gertz as defendants, and asserting claims for alleged violations of the Massachusetts Wage Act, purportedly on behalf of herself and "all others similarly situated" ("State Court Action").

26.     On February 3, 2020, Defendant filed a Notice of Dismissal, pursuant to Mass. R. Civ. P. 41(a)(1)(i), "of all claims in" the State Court Action.

27.     Also on February 3, 2020, Defendant filed a class arbitration demand with the AAA, asserting against Plaintiffs the same claims that she had asserted in the State Court Action.

28.     By letter dated February 5, 2020, AAA notified Defendant that it would be unable to administer the matter as a class arbitration because the parties' agreement precludes class arbitration.

29.     By letter dated February 5, 2020, counsel for Defendant insisted that her claims must proceed on a class basis simply because Defendant contends that class arbitration was not prohibited by the agreement.

30.     By letter dated February 7, 2020, counsel for Plaintiffs stated that the agreement between Defendant and APIA did not provide any basis to conclude that the parties agreed to class arbitration and, thus, that AAA correctly refused to process the arbitration demand on a class basis.

31.     By email dated February 10, 2010, the AAA deferred the question of class arbitrability to the arbitrator.

32.     On April 22, 2020, counsel for Defendant filed an amended class and collective demand for arbitration with AAA. A true and correct copy of Defendant's amended demand for

class and collective arbitration ("Class Arbitration Demand") is attached hereto as <u>Exhibit B</u>. In the Class Arbitration Demand, Defendant asserts the same claims that she asserted in the original demand, and added common law claims for negligent misrepresentation, fraud, and "breach of duty," as well as federal claims for minimum wage and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Significantly, in the Class Arbitration Demand Defendant's FLSA claims are presented as an opt-in collective action pursuant to 29 U.S.C. §216(b).

33.     The Terms and Conditions Agreement is a contract between APIA and Defendant that evidences a transaction involving commerce within the meaning of Section 2 of the FAA.

34.     APIA conducts its ordinary business in multiple states throughout the United States and abroad.

35.     Accordingly, pursuant to the Terms and Conditions Agreement, Plaintiffs now bring this action to seek a declaration of rights under the Terms and Conditions Agreement, to enjoin the improper Class Arbitration Demand, and to compel arbitration of the claims asserted in the Class Arbitration Demand solely on an individual basis.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)

36.     Plaintiffs repeat and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

37.     An actual and justiciable controversy exists between Plaintiffs and Defendant concerning the question of whom must decide whether class and/or collective arbitration is available: the Court, or an arbitrator.

38.     Plaintiffs maintain that the Court must decide questions of arbitrability, such as whether the parties agreed to arbitrate on a class and/or collective basis.

39.     Upon information and belief, Defendant seeks to have an arbitrator decide whether the parties agreed to arbitrate her claims on a class and/or a collective basis.

40.     Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaration that the Court – not an arbitrator – must decide the class arbitrability issue because Plaintiffs did not agree, through the Terms and Conditions Agreement or otherwise, to submit that issue (or any other arbitrability issue) to an arbitrator for resolution.

41.     Pursuant to 28 U.S.C. § 2202, Plaintiffs also are entitled to necessary and proper relief based on the requested declaration, in the form of an injunction barring Defendant from efforts to have an arbitrator decide the question of class and/or collective arbitrability.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)**

42.     Plaintiffs repeat and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

43.     An actual and justiciable controversy exists between Plaintiffs and Defendant concerning the arbitrability of the class and collective claims contained in Defendant's Class Arbitration Demand.

44.     Plaintiffs maintain that Defendant's claims may not proceed on a class or collective basis.

45.     Defendant, on the other hand, maintains that she may proceed with her claims on a class and collective basis.

46.     Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaration that Defendant is precluded from pursuing arbitration of any claims on behalf of any purported class or group of individuals in the Class Arbitration Demand or in any other arbitration as a matter of law, because Plaintiffs did not agree to arbitration of disputes on a class or collective basis.

47.     Pursuant to 28 U.S.C. § 2202, Plaintiffs also are entitled to necessary and proper relief based on the requested declaration, in the form of an injunction barring Defendant from pursuing any class or collective claims in the Class Arbitration Demand or in any other arbitration because Plaintiffs did not agree to the arbitration of disputes on a class or collective basis.

### THIRD CAUSE OF ACTION
**(Order Pursuant to Federal Arbitration Act, 9 U.S.C. § 4)**

48.     Plaintiffs repeat and incorporate each and every allegation contained in the paragraphs above as if fully set forth herein.

49.     The arbitration provision of the Terms and Conditions Agreement states that the interpretation and enforcement of the parties' agreement to arbitrate is governed by the FAA.

50.     When a party to a binding arbitration agreement refuses to abide by that agreement, Section 4 of the FAA permits the aggrieved party to file an action seeking "an order directing that such arbitration proceed in the manner provided for in such agreement." *See* 9 U.S.C. § 4.

51.     Defendant voluntarily entered into a valid and binding arbitration agreement with APIA by executing the Terms and Conditions Agreement. The express terms of that agreement provide for and require arbitration of disputes between Defendant and APIA, including "its staff, agents and all affiliated organizations."

52.     The Terms and Conditions Agreement does not authorize or permit class or collective arbitration, and it does not set forth or constitute an agreement between Plaintiffs and Defendant to arbitrate claims on a class-wide or collective basis.

53.     Defendant's claims against Plaintiffs are subject to the arbitration provision contained in the Terms and Conditions Agreement. Defendant's refusal to submit her claims to arbitration on an individualized basis violates the Terms and Conditions Agreement.

54.     Plaintiffs have been aggrieved and will continue to be aggrieved by Defendant's

failure and refusal to arbitrate on an individualized basis, and by her insistence on an improper and unauthorized class and collective arbitration.

55.     Pursuant to Section 4 of the FAA, Plaintiffs request an order from the Court compelling Defendant to submit all claims against Plaintiffs, including those claims contained in the Class Arbitration Demand, to binding arbitration on an individualized basis in accordance with the Terms and Conditions Agreement.

## **REQUESTED RELIEF**

Wherefore, Plaintiffs respectfully request that the Court:

A.     Enter a declaration that the Court, not an arbitrator or arbitrators, must decide whether the parties agreed to class and/or collective arbitration.

B.     Enter a declaration that Plaintiffs and Defendant did not agree to class or collective arbitration.

C.     Enter an order and judgment:

    1.   Enjoining Defendant from submitting the question of class or collective arbitrability to an arbitrator;

    2.   Enjoining Defendant from pursuing class or collective claims against Plaintiffs in arbitration or in any other proceeding;

    3.   Compelling Defendant to submit her individual claims against Plaintiffs to binding arbitration.

D.     Award Plaintiffs their costs and expenses incurred as a result of this action; and

E.     Award Plaintiffs such other and further relief as the Court deems just and equitable.

Respectfully submitted,

AMERICAN INSTITUTE FOR FOREIGN
STUDY, INC. dba AU PAIR IN
AMERICA and WILLIAM J. GERTZ

By their attorneys,


/s/ Patrick M. Curran, Jr. _____
Patrick M. Curran, Jr. (BBO# 659322)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
Facsimile:  (617) 994-5701
patrick.curran@ogletree.com


Dated:  May 14, 2020

42822140.1